**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 3, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANTONIO GUERRERO-
CHAVEZ, also known as Antonio
Chavez Guerrero,

Defendant - Appellant.

No. 05-2105

(D. New Mexico)

(D.C. No. CR-04-1749-BB)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Jose Antonio Guerrero-Chavez pled guilty to one count of illegal reentry by a deported alien previously convicted for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). He was sentenced to fifty-seven months' imprisonment, followed by a two-year term of supervised release. He has filed a timely appeal.

Guerrero-Chavez's appointed counsel, Louis Elias Lopez, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Guerrero-Chavez has filed a response brief to the Anders brief. The government has declined to submit a brief. For the following reasons, we grant Guerrero-Chavez's counsel's motion to withdraw as counsel and we dismiss this appeal.

Guerrero-Chavez was charged in a one-count indictment with unlawful reentry by a deported alien previously convicted for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). He pled guilty after being informed by the district court of all the rights which he was thereby relinquishing and indicating that he understood the ramifications of his guilty plea and that his plea was voluntarily and freely made. As stated in Guerrero-Chavez's plea hearing, the factual basis for his guilty plea was the following: On June 23, 2004, Border Patrol agents responded to the activation of a Border Patrol sensor in Dona Ana County, New Mexico, and found Guerrero-Chavez and three other individuals

hiding in the desert. Guerrero-Chavez admitted he was an alien and that he had just entered the United States illegally. Upon investigation, the Border Patrol agents discovered that Guerrero-Chavez had been previously deported from the United States on December 9, 1997. They further discovered that he had been convicted of a felony, corporal injury to a spouse, prior to his deportation.

The presentence report ("PSR") prepared by the probation office calculated a total offense level of 21 and a criminal history category of IV, which yielded a sentencing range of fifty-seven to seventy-one months under the United States Sentencing Commission, Guidelines Manual (Nov. 2004) ("USSG"). The total offense level was determined by taking the base offense level of eight and adding sixteen points because Guerrero-Chavez was previously deported (in 1997) after being convicted for a felony crime of violence, then deducting three points for acceptance of responsibility. See PSR ¶ 10, R. Vol. II (citing USSG §2L1.2(b)(1)(A)(ii)). Guerrero-Chavez made no objection to the PSR and the district court adopted its findings. The district court then sentenced Guerrero-Chavez to fifty-seven months, after considering the sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory Guideline range, as required by United States v. Booker, 543 U.S. 220 (2005).

Guerrero-Chavez's attorney, in his Anders brief, argues that there is no basis for challenging Guerrero-Chavez's guilty plea or his sentence and that there

is therefore no legally non-frivolous issue to raise on appeal.  <u>Anders</u> authorizes counsel to request permission to withdraw where counsel has conscientiously examined the case and determined that any appeal would be wholly frivolous. <u>Anders</u>, 386 U.S. at 744; <u>see also</u> <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005).  Accordingly,

> [u]nder <u>Anders</u>, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record.  The client may then choose to submit arguments to the court.  The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

<u>Id.</u> (citing <u>Anders</u>, 386 U.S. at 744).

Guerrero-Chavez argues in his response to his counsel's <u>Anders</u> brief that, because his deportation in 1997 was stated to be because he had been convicted of a crime of moral turpitude, pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), and not because he had been convicted of a crime of violence, his prior conviction for corporal abuse of a spouse cannot be deemed a felony crime of violence for purposes of his current proceeding.  Accordingly, he argues, the district court erred in increasing his base offense level by sixteen points under USSG §2L1.2(b)(1)(A)(ii).[1]

---

[1]USSG §2L1.2(b)(1)(A)(ii) provides that "[i]f the defendant previously was
(continued...)

While creative, this argument is unavailing. It did not matter whether the prior deportation was *because of* his conviction for a crime of violence. As the application note to USSG §2L1.2 specifically states, "[a] defendant shall be considered to be deported after a conviction if the deportation was subsequent to the conviction, regardless of whether the deportation was in response to the conviction." USSG §2L1.2, comment. (n.1(A)(ii)). Further, the status of his prior conviction as a conviction for a crime of violence only becomes relevant in his current proceeding. In this proceeding, the government is free to determine whether his prior conviction was for a crime of violence. The PSR determined that it was, Guerrero-Chavez made no objection to the PSR, and the district court adopted the PSR, including its characterization of Guerrero-Chavez's conviction for corporal abuse of a spouse as a conviction for a felony crime of violence. Thus, the fact that the government may have chosen to deport Guerrero-Chavez in 1997 on the stated ground of having committed a crime of moral turpitude is irrelevant to the characterization in this case of that crime. What matters is that he was convicted of what was indisputably a crime of violence, subsequent to that he was deported, and he then illegally reentered the United States.

---

[1](...continued)
deported . . . after[] a conviction for a felony that is . . . a crime of violence . . . increase [the base offense level] by **16** levels." Deportation following a conviction "for any other felony" mandates a base offense level increase of four levels. Id. §2L1.2(b)(1)(D).

After fully examining the record and considering the <u>Anders</u> brief filed by Guerrero-Chavez's counsel, as well as Guerrero-Chavez's response thereto, we conclude that there are no non-frivolous issues upon which Guerrero-Chavez may base his appeal. We can discern no basis for challenging Guerrero-Chavez's guilty plea or his sentence.

We therefore GRANT Guerrero-Chavez's counsel's request to withdraw and we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge